Mr. Hamlet J. Barry, III Director Mined Land Reclamation Division 723 Centennial Building 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Barry:
By letter of September 12, 1979, you requested my opinion upon a question as to the interpretation of the captioned act (the "Act") which became law July 1, 1979.
QUESTION PRESENTED AND CONCLUSION:
The Mined Land Reclamation Division ("the division") anticipates that a substantial body of new regulations required by C.R.S. 1973, 34-33-108 (H. B. 1223, Colo. Sess. Laws 1979), the Colorado Surface Coal Mining Reclamation Act, will be adopted in March or April 1980. Your question is whether, if the regulations are adopted at such time, they will be subject to a June 1, 1981 expiration date under section 1 of the Act or whether they will be subject to a July 1, 1980 expiration date under section 3 of the Act. It is my opinion that the regulations will be subject to the June 1, 1981 expiration date.
ANALYSIS
Section 1 of the Act amends C.R.S. 1973, 24-4-103(8)(c) to provide in pertinent part as follows:
 Notwithstanding any other provision of law to the contrary . . ., all rules adopted or amended on or after July 1, 1979, shall expire June 1 of the year [1] following their adoption. . . .
Section 3 of the Act adds section 24-4-108 to C.R.S. 1973. The new section provides in pertinent part as follows:
 (1) Unless extended by the general assembly acting by bill, all of the rules and regulations of the principal departments shall expire on the dates specified in this section.
 (2) The rules and regulations of the following principal departments shall expire on July 1, 1980:
. . . .
(c) Department of natural resources.
The language of the Act is arguably susceptible to several interpretations. The interpretation which affords the broadest scope to both sections of the Act and brings them into closest harmony is that section 3 applies to all rules of a department other than those adopted during the six months' period immediately preceding the section 3 expiration date, and that section 1 applies to rules and regulations adopted during such period.
It is a principle of statutory construction that a statute shall be interpreted so as to bring about "a just and reasonable result" and "a result feasible of execution." C.R.S. 1973,2-4-201. To construe the Act as imposing a July 1, 1980 expiration date for all rules adopted after July 1, 1979 (including rules adopted in 1980 prior to July 1, 1980) would be to place an unreasonable interpretation upon the Act. Under such construction, for example, if a rule were adopted effective June 29, 1980, it would expire two days later.
Orderly legislative consideration of such a rule would not be possible in such a short interval, and the agency action in adopting a rule of only two days' duration would be essentially futile. Hence, such result violates the above-cited principle of statutory construction.
SUMMARY
I therefore conclude that the regulations about which you have inquired will be subject to a June 1, 1981 expiration date.
Very truly yours,
 J.D. MacFARLANE Attorney General
RULES AND REGULATIONS STATUTORY CONSTRUCTION
C.R.S. 1973, 24-4-103(8)(c) C.R.S. 1973, 24-4-108
NATURAL RESOURCES Open Mining Land Reclam Bd.
Rules adopted in the first 6 months of a calendar year will expire (unless extended by the legislature) on June 1 of the following year (under 24-4-103(8)(c)) even though the general expiration date for all rules of the department (24-4-108) is earlier.
[1] The "year" referred to in section 1 of the Act presumably refers to the calendar year, not to the state's fiscal year, because the word "year" is so defined in C.R.S. 1973, 2-4-107.